(Decided 19th March, 1872.)

JOSEPH LEITER, and others, Lessors, *vs.* WILLIAM H. GRIMES.

*Competency of Parties to a Suit to testify in their own behalf—Parol testimony admissible to establish a Deed when impeached for Fraud by a Stranger.*

The fact that the grantor in a deed which comes incidentally in question in an action of ejectment, is dead, does not preclude the defendant, the grantee in the deed, from testifying in the case, upon his own offer, in his own behalf.

Where in an action of ejectment a deed under which the defendant claims title, is impeached for fraud by the plaintiff, a stranger to the deed, it is competent for the defendant, the grantee in the deed, for the purpose of rebutting the evidence of fraud introduced by the plaintiff, and of showing that the deed was axecuted *bona fide*, and for a valuable consideration, to prove a parol contract between the grantor in the deed and himself, to the effect, that in consideration of a promise and undertaking on his part to pay off the then existing debts of the grantor, he sold the property in question, and executed said deed therefor.

APPEAL from the Circuit Court for Washington County.

This was an action of ejectment brought on the 17th of February, 1866, by the appellants against the appellee.

*First Exception*: At the trial below, the plaintiffs, to support the issue on their part joined, proved that James Grimes, the father of the defendant, became the owner in fee of the lands mentioned in the declaration under a deed to himself and wife, executed in 1827, and was in possession of those lands from that time until 1852; that his wife died prior to 1840; that in April, 1852, the Hagerstown Bank obtained judgments against Grimes as first endorser on certain drafts on which one Abraham Leiter was second endorser, and that these judgments were duly assigned to Leiter who paid them; that on these judgments, writs of *fieri facias* were issued and the lands in question were sold by the sheriff in May, 1859, to Abraham Leiter, to whom they were conveyed by deed executed on the 11th of August, 1859. It was also proved that Abraham Leiter died in 1864, intestate, leaving the plaintiffs his only heirs at law. Thereupon the defendant, to support the issue on his part joined, gave in evidence a deed in fee to himself from his father, James Grimes, dated 13th August, 1851; and then offered to prove that in April, 1843, James Grimes executed a mortgage on these lands to Andrew Rentch, and that in February, 1860, the mortgagee assigned the mortgage to the defendant. The mortgage with the assignment thereon, was offered to show an outstanding title to the premises in question, sufficient to defeat the plaintiffs' claim. To the admission of the mortgage and assignment as evidence for such purpose, the plaintiffs objected, but the Court (PERRY, J.,) overruled the objection, and allowed the mortgage and assignment to be given in evidence. The plaintiffs excepted.

*Second Exception:* The defendant then further offered to prove in connection with the mortgage and other evidence already given to the jury, and in addition to the said mortgage, that a note or single bill was given by James Grimes to

Andrew Rentch for the same debt, which the mortgage was given to secure; that judgment was rendered on said note at March Term, 1846, and that various payments had been made on the said judgment by the defendant, the last of which, in 1859, discharged the whole debt; that James Grimes held possession of the mortgaged premises after the date of the mortgage, until 13th August, 1851, or some time prior thereto, since which the defendant had been in uninterrupted possession; that when the defendant paid off the mortgage, he, by the advice of counsel, took an assignment of the mortgage, and also had the judgment assigned to his use; all of which was offered for the purpose of showing an outstanding legal title to the premises in the defendant as assignee of said mortgage, to which evidence as being admissible for the purpose for which it was offered, the plaintiffs objected, but the Court was of opinion, and so ruled, that the evidence was admissible for the purposes aforesaid and allowed the same to be given to the jury; to which opinion and ruling of the Court the plaintiffs excepted.

*Third Exception:* The defendant, further to maintain the issue on his part joined, was sworn as a witness and proceeded to the witness stand to testify upon his own offer in his own behalf. To the competency of the defendant to testify on his own offer, the plaintiffs objected, but the Court overruled the objection, and held that the defendant was competent to testify in the case. To this ruling of the Court the plaintiffs excepted.

*Fourth Exception:* The defendant being allowed to testify in his own behalf, offered to prove that in the year 1847, whilst he lived with his father on the farm in controversy, they entered into a parol or verbal contract, to the effect that he, the defendant, should pay off, or assume to pay off, all the debts then existing and owing by his father, and that the said farm was then in consideration of such promise and undertaking, sold to him, the defendant, and that said contract was fulfilled and completed by the deed of the 13th of August,

1851.   To this evidence the plaintiffs objected, but the Court overruled the objection and permitted the defendant to give evidence of the parol contract.   The plaintiffs excepted, and the verdict and judgment being for the defendant they appealed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BRENT, GRASON and MILLER, J.

*Wm. T. Hamilton* and *Attorney General Syester,* for the appellants.

*Henry Kyd Douglas* and *D. Weisel,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The questions as to the admissibility of the evidence, objected to in the first and second exceptions, we regard as altogether immaterial.   The instructions, granted at the instance of the appellants, required the jury, if they should find the facts set out in the instructions, and that the deed from James Grimes to the appellee had been executed with intent to hinder, delay or defraud his creditors, to find their verdict for the appellants.   It is manifest that, if the jury believed the deed to be *bona fide* and for valuable consideration, the admission in evidence of the mortgage from James Grimes to Rentch, and the assignment of it by Rentch to the appellee, and of the facts accompanying such assignment, could not properly affect the case one way or the other; and if the jury believed the deed to be a fraud upon James Grimes' creditors they were instructed by the Court, in effect, that the mortgage and assignment and the facts accompanying the assignment, did not stand in the way of their finding their verdict for the appellants.   Under these instructions, the evidence set out in these two exceptions and admitted by the Court could not by possibility injure the appellants, even if it

was inadmissible, a question we do not deem it necessary to decide.

The third and fourth exceptions were taken to the rulings of the Court as to the competency of the appellee as a witness and to the admissibility of the testimony he gave.

The suit was not upon a contract or cause of action, one of the original parties to which was dead, nor was an executor or administrator a party to the suit. It was an action of *ejectment* between parties, all of whom were living at the time; and although the deed from James Grimes, who was then dead, to the appellee came incidentally in question, he was certainly not excluded from testifying under the Act of 1864, ch. 109, or 1868, ch. 116. *Smith vs. Wood*, 31 *Md*, 296. Being a competent witness the evidence he gave of the facts and circumstances connected with and accompanying the agreement between himself and James Grimes, as well as those preceding and accompanying the execution of the deed, was clearly admissible for the purpose of rebutting the evidence of fraud introduced by the appellants, and showing the *bona fides* of the deed, and that it was executed for a valuable consideration. *Cook vs. Cook's Ex'r*, 29 *Md.*, 550.

The judgment of the Court below must therefore be affirmed.

*Judgment affirmed.*

(Decided 19th March, 1872.)